IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST THOMAS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:10-CV-4452 |
| | § | |
| AMERICAN SECURITY | § | JURY |
| INSURANCE COMPANY AND | § | |
| GLENN BECK | § | |

## NOTICE OF REMOVAL

Defendants American Security Insurance Company and Glenn Beck ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446, as follows:

### Commencement and Service

1. On September 9, 2010, Plaintiff Ernest Thomas commenced this action by filing an Original Petition ("Original Petition") in the 11th Judicial District Court of Harris County, Texas, located at Harris County Courthouse, 201 Caroline, Houston, Texas 77002. The case is styled Cause No. 2010-57399; *Ernest Thomas v. Glenn Beck and American Security Insurance Company*; In the 11th District Court of Harris County, Texas.[1]

2. The lawsuit was served on Defendant American Security Insurance Company on October 11, 2010.

3. Defendants filed their answer in state court on October 29, 2010.[2]

4. This Notice of Removal is filed within thirty days of the receipt of service of process of the lawsuit (on October 11, 2010 and is timely filed under 28 U.S.C. § 1446(b). This

---

[1] *See* Exhibit C, Plaintiff's Original Petition.
[2] *See* Exhibit D, Defendants' Original Answer.

Notice of Removal is also filed within one year of commencement of this action, and is thus timely under 28 U.S.C. § 1446(b).

## Grounds for Removal

5. Defendants are entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## Diversity of Citizenship

6. There is complete diversity of citizenship between Plaintiff and Defendant American Security Insurance Company.

7. Plaintiff is a citizen of Texas.[3]

8. Defendant American Security Insurance Company is a Delaware corporation with its principal place of business in Georgia.[4]

9. Defendant Glenn Beck is a citizen of Texas,[5] who was fraudulently joined in this litigation. Concerning Beck, throughout Plaintiff's Original Petition, Plaintiff makes numerous vague, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" against "DEFENDANT ADJUSTER AND DEFENDANT INSURANCE COMPANY" and does not state any factual allegation that could "plausibly give rise to an entitlement of relief" on any claim alleged against Beck.[6] The court must therefore disregard his citizenship.[7]

10. All Defendants agree to and join in this removal.

---

[3] *See* Exhibit C, Plaintiff's Original Petition, ¶ 2.
[4] *See* Exhibit C, ¶ 4.
[5] *See* Exhibit C, ¶ 3.
[6] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007).
[7] *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 542 (5th Cir. 2004); *Badon v. R.J.R. Nabisco, Inc.,* 224 F.3d 382, 393 (5th Cir. 2000).

11.     No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the parties.

**Amount in Controversy**

12.     In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options.  The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff expressly pleads that the amount in controversy exceeds that amount or serves some "other paper" indicating that the amount in controversy exceeds that amount.[8]  If the defendant chooses to remove the case immediately, the federal court may, in determining the amount in controversy, (i) look to the defendant's removal papers, (ii) make an independent appraisal of the amount of the claim or suggest that the defendant is free to do so, or (iii) remand the case.[9]  The court may also apply common sense to conclude that the minimum jurisdictional amount is met.[10]

13.     The Civil Case Information Sheet signed by Plaintiff's counsel and filed with the State Court indicates that Plaintiff seeks monetary damages of "greater than $100,000."  In addition, if this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on Defendants' removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00.[11]  It is apparent from Plaintiff's Original Petition that Plaintiff

---

[8]  *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161-63 (5th Cir. 1992).

[9]  *Id.* at 163, n.6.

[10]  *See Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]").

[11]  *See, e.g., Marcel v. Pool Co.,* 5 F.3d 81, 84-85 (5th Cir. 1993); *Callaway v. BASF Corp.*, 810 F. Supp. 191, 193 (S.D. Tex. 1993).

seeks more than $75,000.00 in damages.[12] The nature of the causes of action brought by Plaintiff — breach of a residential insurance policy, various violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing fraud, and conspiracy to commit fraud[13] — indicates that this case involves more than the jurisdiction minimum. This court has previously held that lawsuits alleging similar claims and seeking similar damages "clearly exceed the jurisdictional limit of $75,000."[14]

14. This court may also apply common sense to conclude that the minimum jurisdictional amount is met.[15] Common sense suggests that if Plaintiff is successful in recovering the actual damages, attorney's fees, and exemplary, treble, and mental anguish damages sought in its Original Petition, the amount in controversy will exceed $75,000.00. Plaintiff seeks recovery of attorney's fees under her statutory claims, and those fees may be included in the total amount in controversy.[16] Exemplary damages may also be included in the total amount in controversy to determine the amount in controversy for removal purposes.[17]

### Venue

15. Venue lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

---

[12] *See Maley v. Design Benefits Plan, Inc.*, 125 F. Supp.2d 197, 199 (E.D. Tex. 2000).

[13] *See* Exhibit C.

[14] *Troiani*, 2006 WL 1851378 at *4; *see also Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994) ("In view of the nature of the claims and the types of damages sought, . . . , the court concludes that Farmers has established by a preponderance of the evidence that the Chitticks' claims are sufficient in amount to confer federal jurisdiction.").

[15] *See Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]").

[16] *See H & D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *Maley*, 125 F. Supp.2d at 199.

[17] *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

### Notice

16. Defendants will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendants will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this notice of removal.

### Jury Demand

17. Plaintiff demanded a jury trial in the state court action.

### State Court Pleadings

18. Copies of all state court pleadings and orders are attached to this Notice of Removal. *See* Exhibits A-F.

### Exhibits to Notice of Removal

19. Pursuant to Rule CV-81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding lettered exhibits:

A. Docket Sheet – *Exhibit A*

B. Civil Case Information Sheet – *Exhibit B*

C. Plaintiff's Original Petition – *Exhibit C*

D. Defendants' Original Answer – *Exhibit D*

E. Civil Process Request – *Exhibit E*

F. Civil Process Pick-Up Form – *Exhibit F*

G. List of all Attorneys of Record – *Exhibit G*

All executed process in the case – *None*

All orders signed by the state judgment – *None*

## Prayer

WHEREFORE, Defendants American Security Insurance Company and Glenn Beck, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 11th Judicial District Court of Harris County, Texas to this Court.

Respectfully submitted,

**WINSTEAD PC**
401 Congress Avenue
Suite 2100
Austin, Texas 78701
(512) 370-2800 (Telephone)
(512) 370-2850 (Telecopier)

By: */s/ Alex S. Valdes*
    Peter A. Nolan    SBN 15062600
    Alex S. Valdes    SBN 24037626
    Justin Whitley    SBN 24042150

**ATTORNEYS FOR DEFENDANTS,
AMERICAN SECURITY INSURANCE
COMPANY AND GLENN BECK**

# CERTIFICATE OF SERVICE

I certify that on November 9, 2010, a true and correct copy of the foregoing was served in the manner set forth below:

**Attorneys for Plaintiff**

| | |
|---|---|
| Waverly R. Nolley<br>Micheal A. Johnson<br>Law Offices of Waverly R. Nolley<br> & Associates, P.C.<br>540 Heights Blvd., 2nd Floor<br>Houston, Texas 77007 | *Via Certified Mail, Return Receipt Requested* |

                                       */s/ Alex S. Valdes*
                                       Alex S. Valdes