# EXHIBIT C

CONFIRMED FILE DATE: 9/9/2010

Certified Document Number: 46309593 - Page 1 of 15

Loren Jackson
District Clerk

SEP 0 9 2010

Time: _____
By _____ Harris County, Texas
Deputy

**2010   57399**

CAUSE NO.: _____

| | | |
|---|---|---|
| ERNEST THOMAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| GLENN BECK AND | § | |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ERNEST THOMAS, Plaintiff herein, who files this Plaintiff's Original Petition against the Defendants AMERICAN SECURITY INSURANCE COMPANY ("DEFENDANT INSURANCE COMPANY"), and GLENN BECK ("DEFENDANT ADJUSTER") and for cause of action would respectfully show the Court as follows:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level III of Rule 190 of the Texas Rules of Civil Procedure.

### B. PARTIES

2.      Plaintiff ERNEST THOMAS is an individual who resides in Houston, Harris County, Texas.

3.      Defendant GLENN BECK is an individual who may be served at 2206 Four Hills Court, Pflugerville, Texas 78660 or wherever else Defendant may be found.

4.      Defendant AMERICAN SECURITY INSURANCE COMPANY, is a Delaware insurance company eligible to engage in the business of insurance in the State of Texas.  This Defendant may be served with process by serving its attorney of service, Corporation Service

*Lit/E.Thomas/POP.Doc*

## EXHIBIT C

Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever else Defendant may be found.

### C. JURISDICTION

5.      This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.      This Court has jurisdiction over Defendant AMERICAN SECURITY INSURANCE COMPANY, because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

7.      The court has jurisdiction over Defendant GLENN BECK because this defendant engaged in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### D. VENUE

8.      Venue is proper in Harris County, Texas because the insured's Property is situated in Houston, Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032

### E. FACTS

9.      Plaintiff was the owner of Texas Homeowner's Policy Number SIF0648264707 (hereinafter referred to as "the Policy"), issued by DEFENDANT INSURANCE COMPANY. Plaintiff owns the insured Property (hereinafter referred to as "the Property"), which is specifically located at 7542 Brush Wood Drive, Houston, Texas 77088.

10.     DEFENDANT INSURANCE COMPANY sold the Policy insuring the Property that is the subject of this lawsuit to Plaintiff.

11.     On or about September 12, 2008, in the late evening going into the early morning

*Lit/E.Thomas/POP.Doc*                                              —2—

Certified Document Number: 4630959 - Page 2 of 15



hours of September 13, 2008, Hurricane Ike struck Harris County, Texas, causing severe damage to homes, churches, and businesses throughout the Gulf Coast region of Texas, including Plaintiff's Property. Plaintiff suffered a significant loss with respect to the Property at issue as a result of Hurricane Ike.

12.    Plaintiff submitted a claim to DEFENDANT INSURANCE COMPANY with date of loss September 13, 2008 for damages to the dwelling, fence, other structures, and contents of the home as a result of Hurricane Ike.

13.    Plaintiff asked that DEFENDANT INSURANCE COMPANY cover the cost of repairs to the Property pursuant to the Policy.

14.    DEFENDANT INSURANCE COMPANY assigned a claim number to Plaintiff's claim and assigned DEFENDANT ADJUSTER to adjust same.

15.    DEFENDANT INSURANCE COMPANY failed to promptly and properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic, contents and structural damage.

16.    DEFENDANT INSURANCE COMPANY improperly paid Plaintiff's claim for actual cash value and/or other values of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.    DEFENDANT INSURANCE COMPANY failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. DEFENDANT INSURANCE COMPANY failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by

Certified Document Number: 46309593 - Page 3 of 15

Plaintiff. Such conduct constitutes breach of the insurance contract between DEFENDANT INSURANCE COMPANY and Plaintiff.

18.   DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE SECTION 541.060(a)(2)(A).

19.   DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.   DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Section 541.060(a)(3).

20.   DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY. DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the

*Lit/E.Thomas/POP.Doc*                                  –4–

Certified Document Number: 46309593 - Page 4 of 15

*Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Section 541.060(a)(4).

21.     DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY refused to fully compensate Plaintiff under the terms of the Policy, even though DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY failed to conduct a reasonable investigation. Specifically, DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Section 541.060(a)(7).

22.     DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claim, beginning investigations to Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claim.  DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Section 542.055

23.     DEFENDANT INSURANCE COMPANY failed to accept or deny Plaintiff's full and entire claim within thirty (30) business days of receiving all required information. DEFENDANT INSURANCE COMPANY'S conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Section 542.056.

24.     DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, DEFENDANT INSURANCE COMPANY has delayed full payment of Plaintiff's claim longer than allowed and to

Certified Document Number: 46309593 - Page 5 of 15



date, Plaintiff has not yet received full payment for the claim.   DEFENDANT INSURANCE COMPANY'S conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Section 542.058.

25.   From and after the time Plaintiff's claim was presented to DEFENDANT INSURANCE COMPANY, the liability of DEFENDANT INSURANCE COMPANY to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, DEFENDANT INSURANCE COMPANY has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. DEFENDANT INSURANCE COMPANY'S conduct constitutes breaches of the common law duty of good faith and fair dealing.

26.   DEFENDANT INSURANCE COMPANY knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27.   As a result of DEFENDANT INSURANCE COMPANY'S acts and omissions, Plaintiff was forced to retain an attorney and incur attorney's fees for that attorney representing Plaintiff in this cause of action.

28.   Plaintiff's experience is not an isolated case.   The acts and omissions DEFENDANT INSURANCE COMPANY committed in this cause, or similar acts and omissions occurred with such frequency that they constitute a general business practice of DEFENDANT INSURANCE COMPANY with regard to handling these types of claims.   DEFENDANT INSURANCE COMPANY'S entire process is unfairly designed to reach favorable outcome for the company at the expense of the policyholders.

*Lit/E.Thomas/POP.Doc*                                    —6—

## F. CAUSES OF ACTION:

### CAUSE OF ACTION AGAINST DEFENDANT ADJUSTER

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

29.     DEFENDANT ADJUSTER'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE. 541.151.

30.     DEFENDANT ADJUSTER is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of DEFENDANT INSURANCE COMPANY, because he is a "person" as defined by TEX. INS. CODE. 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. 541.002(2) (emphasis added). *See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

31.     DEFENDANT ADJUSTER'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. 541.060(1).

32.     DEFENDANT ADJUSTER'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,

*Lit/E.Thomas/POP.Doc*                                        --7--

even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. 541.060(2)(A)

33.     The unfair settlement practice of DEFENDANT ADJUSTER as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. 541.060(3).

34.     DEFENDANT ADJUSTER'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. 541.060(4).

35.     DEFENDANT ADJUSTER'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. 541.060(7).

### G. CAUSES OF ACTION AGAINST ALL DEFENDANT PARTIES

#### FRAUD AGAINST ALL DEFENDANT PARTIES

36.     DEFENDANT INSURANCE COMPANY and DEFENDANT ADJUSTER are liable to Plaintiff for common law fraud.

37.     Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which DEFENDANT ADJUSTER knew were

*Lit/E.Thomas/POP.Doc*

—8—

Certified Document Number: 46309593 - Page 8 of 15

false or made recklessly without any knowledge of their truth as a positive assertion.

38.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## H. CONSPIRACY TO COMMIT FRAUD AGAINST ALL DEFENDANT PARTIES

39.     DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY are liable to Plaintiff for conspiracy to commit fraud.   DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, DEFENDANT ADJUSTER and DEFENDANT INSURANCE COMPANY committed an unlawful, overt act to further the object or course of action.   Plaintiff suffered injury as a proximate result.

## I. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY

40.     DEFENDANT INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

## J. BREACH OF CONTRACT

41.     DEFENDANT INSURANCE COMPANY'S conduct as described above, constitutes a breach of the insurance contract made between DEFENDANT INSURANCE COMPANY and Plaintiff.

42.     DEFENDANT INSURANCE COMPANY'S failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question

*Lit/E.Thomas/POP.Doc*                                  —9—

Certified Document Number: 46309593 - Page 9 of 15

and under the laws of the State of Texas, constituted material breaches of the insurance contract with

Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and

reasonable and necessary attorney's fees.

## K. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

43.     DEFENDANT INSURANCE COMPANY'S conduct constitutes multiple violations

of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Chapter 541. All

violations under this article are made actionable by TEX. INS. CODE Section 541.151.

44.     DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described

above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of

insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

45.     DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described

above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the

claim, even though DEFENDANT INSURANCE COMPANY'S   liability under the Policy was

reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or

practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

46.     DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described

above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the

Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the

claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the

business of insurance. TEX. INS. CODE ANN. Section 541.051, 541.060 and 541.061.

47.     DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described

*Lit/E.Thomas/POP.Doc*

Certified Document Number: 46309593 - Page 10 of 15

above, of failing within a reasonable time to affirm or deny coverage of Plaintiff's claim or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

48.     DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

### L. NONCOMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 541: THE PROMPT PAYMENT OF CLAIMS ACT

49.     DEFENDANT INSURANCE COMPANY'S conduct constitutes multiple violations of the Texas Insurance Code, *Prompt Payment of Claims Act.* TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

50.     DEFENDANT INSURANCE COMPANY'S failure, as described above, to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-payment of the claims and a violation of the TEX. INS. CODE Sections 542.055-542.060.

51.     DEFENDANT INSURANCE COMPANY'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE Section 542.056.

52.     DEFENDANT INSURANCE COMPANY'S delay of payment of Plaintiff's claim, as described above, following its receipt of all items, statements, and forms reasonably requested and

*Lit/E.Thomas/POP.Doc*                    —11—

Certified Document Number: 46309593 - Page 11 of 15

required longer than the amount of time provided for, constitutes a non-prompt payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

### M. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

53.    DEFENDANT INSURANCE COMPANY'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

54.    DEFENDANT INSURANCE COMPANY'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of duty of good faith and fair dealing.

### N. TEXAS DECEPTIVE TRADE PRACTICES ACT

55.    Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

56.    At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from DEFENDANT INSURANCE COMPANY. DEFENDANT INSURANCE COMPANY has violated the Texas Deceptive Trade Practices Act in the following manners:

        a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

        b.    Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval status, affiliation, or connection which he does not;

Certified Document Number: 46309593 - Page 12 of 15

c.    Disparaging the goods, services, or business of another by false or misleading representation of acts;

d.    Advertising goods or services with intent not to sell them as advertised;

e.    Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

f.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

g.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

h.    Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

i.    Engaging in an unconscionable course of conduct.

## O. KNOWLEDGE AND INTENT

57.    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as those terms are used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## P. DAMAGES

Plaintiff herein, ERNEST THOMAS complains of GLENN BECK and AMERICAN SECURITY INSURANCE COMPANY, and prays that AMERICAN SECURITY INSURANCE COMPANY and GLENN BECK be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from AMERICAN SECURITY INSURANCE COMPANY and GLENN BECK the following:

*Lit/E.Thomas/POP.Doc*

–13–

Certified Document Number: 46309593 - Page 13 of 15

1.   Plaintiff would show that all of the aforementioned acts, taken together or singularly constitute the proximate and/or producing cause of damages sustained by Plaintiff;

2.   As previously mentioned, the damages caused by Hurricane Ike rendered Plaintiff's Property significantly damaged. These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANT INSURANCE COMPANY and DEFENDANT ADJUSTER mishandling of Plaintiff's claim in violation of the laws set forth above;

3.   For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claim, together with attorney's fees;

4.   For noncompliance with the *Texas Unfair Competition and Unfair Practices Act*, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs, and attorney fees. For knowing conduct of the acts complained of, Plaintiff asks for three (3) times actual damages. TEX. INS. CODE ANN. Section 541.60;

5.   For noncompliance with Texas Insurance Code, *Prompt Payment of Claims Act*, Plaintiff is entitled to amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE Section 542.060;

6.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages including all forms of loss resulting from DEFENDANT INSURANCE COMPANY'S breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress, as to be determined by the jury;

7.   For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs; and

8.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said

Certified Document Number: 46309593 - Page 14 of 15

Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

LAW OFFICES OF WAVERLY R. NOLLEY
& ASSOCIATES, P.C.

By: _____

WAVERLY R. NOLLEY
Texas Bar No.: 15067420
MICHEAL A. JOHNSON
Texas Bar No.: 10770800
540 Heights Blvd., 2nd Floor
Houston, Texas 77007
Telephone:  (713) 880-2255
Telecopier: (713) 880-0415

ATTORNEYS FOR PLAINTIFF

### JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury.

_____
WAVERLY R. NOLLEY

*Lit/E.Thomas/POP.Doc*

—15—

Certified Document Number: 46309593 - Page 15 of 15



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 02, 2010 _____

Certified Document Number: ___ 46309593 (Total Pages 15)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**